UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY JAMES BURGESS,               :
                                     :
        Plaintiff                    :
                                     :      CIVIL NO. 1:CV-16-1208
            v.                       :
                                     :      (Judge Caldwell)
DR. WILLIAM CAVANAUGH, *et al.*,     :
                                     :
        Defendants                   :

M E M O R A N D U M

I.      *Introduction*

        Gregory Burgess, a federal inmate formerly housed at the Allenwood United

States Penitentiary in Allenwood, Pennsylvania, filed a pro se Complaint under the Federal

Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, and a *Bivens*[1] action against the United States

and medical professionals involved in his dental treatment.  Presently before the Court is

Burgess' motion for a court-appointed medical expert so he is in compliance with Pa. R.

Civ. P. 1042.3.  (ECF No. 27).  Defendants oppose the motion.  (ECF No. 29).

        For the following reasons, the motion will be denied.

---

[1] See *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

II.     *Statement of Facts*

Plaintiff alleges the following.  Burgess arrived at USP-Allenwood on April 16, 2015. (ECF No. 1, Compl.)  He was seen by Drs. Cavanaugh and Foley, dentists, concerning ongoing excruciating dental pain.  (*Id.*, p. 5).  Both dentists extracted teeth, provided antibiotics and some pain medication.  Yet Burgess continued to suffer extreme dental pain caused by an unresolved tooth abscess.  Burgess claims institutional physicians, Dobushak and Buschman, were also negligent in failing to ensure Plaintiff received prompt and proper dental care.  The Defendants' failure to properly manage his emergency dental condition and discomfort resulted in Burgess' suffering excruciating pain for more than sixty days. (*Id.*, p. 7).

III.    *Discussion*

Burgess seeks a court-appointed medical expert "to identify whether the procedure the Defendants performed constituted negligence (e.g. evaluating Defendants decision to administer a nerve blocking injection in a particular location)."  (ECF No. 28). Although Burgess proceeds *in forma pauperis*, there is no authority to appoint and pay an expert to assist an indigent litigant in the preparation of a civil suit for damages.  *See Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993) (citing *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987)) (finding no authority for court to pay for indigent plaintiff's expert witnesses).  Additionally, in a civil action such as this, Fed. R. Evid. 706, provides Burgess little relief as it grants a district court discretion to appoint an independent expert for the

purpose of aiding the Court, not an individual party.  Further, like other costs, the parties are taxed the cost of the expert, as determined by the court.  *See* Fed. R. Evid. 706; *Ford v. Mercer Cty. Corr. Ctr.*, 171 F. App'x 416 420 (3d Cir. 2006); *Kerwin v. Varner*, 2006 WL 3742738, *2 (M.D. Pa. Dec. 15, 2006).  Accordingly, Plaintiff's motion will be denied.

We will issue an appropriate order.

/s/ *William W. Caldwell*
William W. Caldwell
United States District Judge

Date:  September 7, 2017