UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY JAMES BURGESS, | : |
| Plaintiff | : |
| | : CIVIL NO. 1:CV-16-1208 |
| v. | : |
| | : (Judge Caldwell) |
| DR. WILLIAM CAVANAUGH, *et al.*, | : |
| Defendants | : |

*M E M O R A N D U M*

I*.  Introduction*

Plaintiff, Gregory J. Burgess, a federal inmate formerly housed at the United States Penitentiary at Allenwood (USP-Allenwood), in White Deer, Pennsylvania, filed this action asserting a claim under the Federal Tort Claims Act and a *Bivens*[1] action against the United States and the following Federal Bureau of Prisons (BOP) employees: Dr. William Cavanaugh; Dr. David Foley; Dr. Walter Dobushak; and Dr. Brian Buschman.

Burgess alleges that between April 2015 and July 2015, physicians and dentists at USP-Allenwood failed to properly treat his dental complaints and pain arising from his multiple abscessed teeth.

Presently before the court is Defendants' motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies as to his *Bivens* claims

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

and his failure to comply with the Certificate of Merit requirement as to medical negligence claims. (ECF No. 23). Plaintiff has not opposed the motion or sought additional time to do so.

For the following reasons, Defendants' motion for summary judgment will be granted.

II. *Summary Judgment Standard of Review*

Fed. R. Civ. P. 56 governs the grant of summary judgment. The moving party is entitled to summary judgment if he "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). "Material facts are those that could affect the outcome of the proceeding, and a dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (citation omitted).

In pertinent part, parties moving for, or opposing, summary judgment must support their position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "The non-moving party cannot rest on mere pleadings or allegations," *El v. Southeastern Pennsylvania Transp. Auth.*, 479 F.3d 232, 238 (3d Cir. 2007), but "must set forth specific facts showing that there is a genuine issue for trial." *Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). "To survive summary judgment, a party must present more than just 'bare

2

assertions, conclusory allegations or suspicions....' " *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (cited case omitted). " '[C]onclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment.' " *Blair, Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161 (3d Cir. 2009) (cited case omitted).

Additionally, a party who seeks to resist a summary judgment motion must also comply with Middle District of Pennsylvania Local Rule 56.1, which directs that a party opposing summary judgment must submit a "statement of material facts, responding to the numbered paragraphs sets forth in the statement [to be filed by the movant], as to which it contend[s] that there exists a genuine issue to be tried'; if the nonmovant fails to so, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted." M.D. Pa. L. R. 56.1. Under the Local Rules, the failure to follow these instructions and appropriately challenge the material facts tendered by the moving party results in those facts being deemed admitted.

Finally, we "must view all evidence and draw all inferences in the light most favorable to the non-moving party" and we will only grant the motion "if no reasonable juror could find for the non-movant." *Lawrence v. City of Phila.*, 527 F.3d 299, 310 (3d Cir. 2008).

III. *Statement of Undisputed Facts*

The following is the record for the purposes of the Defendants' motions for summary judgment, based on their unopposed statement of material facts, along with the evidence submitted in support.

Gregory James Burgess filed this action on June 15, 2016. (ECF No. 1, Compl.) Plaintiff arrived at USP-Allenwood on April 26, 2015 in excruciating dental pain. (ECF No. 25, Defs' Statement of Material Facts (DSMF), ¶ 2). He was seen by Defendant Cavanaugh who extracted one of his teeth. (*Id.*, ¶¶ 2 - 3). Burgess's claims his dental pain continued even after Defendant Foley extracted one of his teeth because he had developed abscesses in additional teeth. (*Id.*, ¶ 3). Burgess claims that despite being prescribed several doses of antibiotics, pain medications, and numbing agents, Defendants' failure to properly provide dental care resulted in some of his teeth to "poison" the others, leaving him in excruciating pain for sixty days. (*Id.*, ¶ 4).

The Federal Bureau of Prisons (BOP) has a multi-tiered Administrative Remedy Program for a prisoner to seek formal review of any aspect of his imprisonment. 28 C.F.R. § 542.13(a), *et seq.* An inmate must first attempt to informally resolve the issue with institutional staff by completing a BP-8 form. (*Id.*) If informal resolution is unsuccessful, the inmate may present the issue, via a BP-9, to the Warden within 20 days of the date of the event giving rise to the administrative remedy request. 28 C.F.R. § 542.14. An inmate dissatisfied with the Warden's response may submit an appeal to the BOP Regional Director within 20 calendar days. 28 C.F.R. § 542.15(a). If the Regional Director denies the appeal, the inmate may then appeal to the BOP's Central Office, General Counsel, within 30 calendar days. 28 C.F.R. § 542.18.

On November 1, 2016, Michael Romano performed a review of the Bureau of Prison's (BOP) SENTRY computer system which records all administrative appeals filed by Burgess. It revealed that Burgess had filed three administrative remedies, none of which

pertained to complaints of dental or health care. (DSMF ¶¶ 6 – 8). Two of Plaintiff's administrative remedies addressed appeals of Disciplinary Hearing Examiner decisions. (*Id.*, ¶¶ 9 – 10). His third administrative remedy challenged his Special Management Unit referral and placement. (*Id.*, ¶ 11).

At all times relevant to this action, Dr. Cavanaugh was the Chief Dentist assigned to the Federal Correctional Complex in Allenwood, Pennsylvania (FCC Allenwood) and held the rank of Captain in the United States Public Health Services. (*Id.*, ¶¶ 12 – 13). Dr. Foley, a Dentist assigned to FCC Allenwood, also held the rank of Captain in the United States Public Health Services at all relevant times in the Complaint. (*Id.*, ¶¶ 14 – 15).

IV. *Discussion*

1. *Burgess' Professional Negligence Claims against the Medical Defendants Are Dismissed Because Plaintiff Failed to File a Certificate of Merit.*

Burgess alleges that his treating physicians and dentists were negligent in addressing his dental care and complaints of pain. (ECF No. 1, Compl.) Defendants assert that Burgess has failed to comply with the state law requirement necessary to bring this claim. (ECF No. 26, pp. 5 - 8). Specifically, Defendants cite Burgess's failure to comply with Pennsylvania Rule of Civil Procedure 1042.3 (Rule 1042.3) by not filing a valid certificate of merit with his professional liability claim. (*Id.*)

Typically, prior to filing a medical professional liability action in Pennsylvania, a plaintiff must serve a notice of claim and Certificate of Merit. The Certificate of Merit

5

(COM) is a prerequisite to all Pennsylvania medical malpractice claims, even those brought by *pro se* litigants. *Gannaway v. PrimeCare Medical, Inc.,* 652 F. App'x 91, 94 – 95 (3d Cir. 2016) (citing *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 264 – 65 (3d Cir. 2011); Pa. R. Civ. P. 1042.3). Rule 1042.3 provides:

> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of a complaint, a certificate of merit signed by the attorney or party that either
>
> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professional for whom this defendant is responsible deviated from an acceptable professional standard, or
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R. Civ. P. 1042.3(a) (1-3) (internal explanatory notes omitted). The rule allows for a sixty-day extension of the period for filing a certificate of merit if such a request is made before the expiration of the deadline and good cause is shown. *See* Pa. R. Civ. P. 1042.3(d). Failure to file a COM under Rule 1042.3(a) or a timely motion for extension of time under Rule 1042.3(d) is fatal unless the plaintiff demonstrates that his failure to comply is justified by a "reasonable excuse." *Perez v. Griffin*, 304 F. App'x. 72, 74 (3d Cir. 2008).

A COM functions to ensure that professional-liability claims are meritorious and to prevent waste of judicial time and resources. *See Liggion-Redding*, 659 F.3d at 262 – 63. This rule is substantive state law that must be applied by the federal district courts. *See Chamberlain v. Giampapa*, 210 F.3d 154, 158 – 61 (3d Cir. 2000).

On August 25, 2016, pursuant to Pa. R. Civ. P. 1042.7, the defendant United States notified Burgess of its intent to seek judgment in its favor based on his failure to file a COM. (ECF No. 19). To date, Burgess has not filed a certificate of merit nor has he sought an enlargement of time to do so. Accordingly, the court will grant Defendants' motion for summary judgment with respect to Burgess' FTCA medical negligence claims, based on a failure to file a certificate of merit within the time allotted under Rule 1042.3.

2. *Burgess Failed to Exhaust his Available Administrative Remedies Concerning his Bivens Claims.*

The Prison Litigation Reform Act (PLRA) requires that a prisoner exhaust his available administrative remedies before bringing a prison conditions suit. 42 U.S.C. § 1997e(a); *Porter v Nussle*, 534 U.S. 516, 524 – 25, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002). The statutory exhaustion requirement is that "[n]o action shall be brought with respect to prison conditions …by a prisoner…until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532, 122 S.Ct. at 532.

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively

without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90 – 91, 126 S.Ct. 2378, 2386, 165 L.Ed.2d 368 (2006) (footnote omitted).  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." <u>Jones v. Bock, 549 U.S. 199, 211–212, 127 S.Ct. 910, 923, 166 L.Ed.2d 798 (2007)</u>.  The only exception to the PLRA's exhaustion requirement is "built-in."  As confirmed by the United States Supreme Court in *Ross v. Blake*, _____U.S. ____, _____, 136 S.Ct. 1850, 1855, 195 L.Ed.2d 117 (2016): "A prisoner need not exhaust remedies if they are not 'available'."  (*Id.*)  "Available" means "capable of use; at hand."  *Small*, 728 F.3d 271 (quoting *Brown v. Croak*, 312 F.3d 109, 113 (3d Cir. 2002)).  "Remedies that are not reasonably communicated to inmates may be considered unavailable for exhaustion purposes."  (*Id.*)  Likewise, if the actions of prison officials directly cause the inmate's procedural default of a grievance, the inmate will not be held to strict compliance with the PLRA's exhaustion requirement.  *See Camp v. Brennan*, 219 F.3d 279 (3d Cir. 2000).

Failure to exhaust administrative remedies is an affirmative defense that must be pled and proven by the defendant.  *Small v. Camden Cnty*, 728 F.3d 265, 268 (3d Cir. 2013).  Additionally, "[e]xhaustion is a question of law to be determined by a judge, even if that determination requires resolution of disputed facts."  *Id.* at 269.  There is no right to have a jury decide the issue of exhaustion.  *Id.* at 271.

The undisputed record before the court reveals that Burgess did not properly exhaust his available administrative remedies as to his April 2015 – July 2015 claims that

8

the dentists and the physicians at USP-Allenwood were deliberately indifferent to his serious dental needs and on-going pain. Accordingly, Defendants are entitled to summary judgment as to Burgess' *Bivens* claims.

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 7, 2017

9